UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>Plaintiff,<br><br>v.<br><br>SHASTA COUNTY JAIL MEDICAL STAFF, et al.,<br><br>Defendants. | No. 2:19-cv-1630 MCE DB P<br><br><br>ORDER |

Plaintiff, a county jail inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF Nos. 1, 8). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, the court shall grant plaintiff's request to proceed in forma pauperis. Plaintiff will also be given an opportunity to amend the complaint.

**I.      IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (See ECF No. 8). Accordingly, the request to proceed in forma pauperis will be granted.

////

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp.

Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. PLEADING STANDARD

#### A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

#### B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

////

3

Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## IV. PLAINTIFF'S COMPLAINT

### A. General Facts

Plaintiff, an inmate at Shasta County Jail ("SCJ"), formally names SCJ medical staff and SCJ security staff as defendants. (See ECF No. 1 at 1-2). He contends that defendants used excessive force against him and were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. (See id. at 3-4). Plaintiff further contends that his rights under the First Amendment were violated when, after filing grievances against jail deputies for the assault, he was retaliated against when authorities filed false reports against him, resulting in his privileges being taken away. (See id. at 4).

Plaintiff claims that as a result of defendants' actions, his left arm was dislocated, and his right wrist was badly injured. (See ECF No. 1 at 4). He further contends that as a result of defendants' deliberate indifference and failure to treat him for three weeks, he was in great pain, and his condition deteriorated. (See id. at 3).

### B. Relief Requested

Plaintiff seeks expungement of the false report from his record. (See ECF No. 1 at 5). He asks for remuneration in the amount of $1,000.00 a day for the period that he was disciplined, multiplied by the number of privileges he lost as a result of the disciplinary action. In addition, plaintiff requests $100,000.00 in damages for his shoulder injury and $5,000.00 for his wrist

////

4

injury. Finally, plaintiff asks for $4,000.00 for each of the twenty-one days he was denied medical treatment. (See id. at 5).

## V. DISCUSSION

### A. Procedural Matters

#### 1. Possible Failure Exhaust Administrative Remedies

A cursory review of plaintiff's complaint appears to indicate that plaintiff may not have properly exhausted his administrative remedies at SCJ prior to filing the instant action. (See ECF No. 1 at 3-4) (plaintiff stating he did not file appeals because they were either unavailable to him and/or he was retaliated against and appeals were not "properly acknowledged" by prison staff). However, because a demonstration of the exhaustion of administrative remedies is not a pleading requirement (see Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003)), and inmates are not required to specifically plead or demonstrate exhaustion in their complaints (see Jones v. Bock, 549 U.S. 199, 216 (2007)), the court will conduct a substantive screening of this action at this time. Plaintiff is warned, however, that should defendants be ordered to respond to this action, any failure to exhaust that can be substantiated may be proffered by defendants as an affirmative defense in support of the dismissal of this action. See generally Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (stating failure to exhaust is affirmative defense defendants must plead and prove).

#### 2. Failure to Name Defendants with Specificity

A second significant problem with the complaint is that plaintiff only formally names "SCJ medical staff" and "SCJ security staff" as defendants in this action.[1] (See ECF No. 1 at 1-2). No specific names of state actors are listed as defendants. To state viable Section 1983 claims against defendants, plaintiff must plead that each government official, through his or her own individual actions, has violated the Constitution. See Iqbal, 556 U.S. at 676. Should plaintiff choose to file an amended complaint, he will need to provide the names of defendants as

////

---

[1] With respect to each of these groups of individuals, plaintiff clearly indicates that he does not know their names; only their occupations. (See ECF No. 1 at 2).

5

well as identify the specific acts or omissions of each of them that he asserts violated his rights under the Constitution. If he is unable to do so, these claims will have to be dismissed.

### B. Substantive Claims

#### 1. Excessive Force

##### a. Facts

Within plaintiff's excessive force claim, he alleges that when he was on his way to court,[2] one Deputy William Mason,[3] presumably an employee at SCJ,[4] assaulted him multiple times and "influenced" Deputy Von Germen and Decker[5] to assault him as well. (See ECF No. 1 at 4). He contends that "hand cuffs [sic] and wrist locks were employed with the specific intent to cause harm to me. No provokations [sic] nor violence was displayed by me to be seen as justification for assaultive behavior." (See id. at 4) (brackets added). He states that as a result of these individuals' actions, his left arm was dislocated, and his right wrist was badly injured. (See id. at 4).

##### b. Relevant Law

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).

---

[2] Plaintiff provides no approximate date for this event. If plaintiff chooses to amend the complaint, he will need to provide one.
[3] Because plaintiff did not formally identify Deputy William Mason as a defendant in the complaint (see ECF No. 1 at 1-2), he is not listed on the court's docket as a defendant in this action. Therefore, the Clerk of Court will be directed to add this individual's name to it as a defendant in this action.
[4] If Deputy William Mason is not an employee of SCJ, plaintiff must notify the court immediately and identify Mason's actual employer.
[5] Here again, plaintiff must, if possible, provide the full names and employers of these two individuals. Because they are not formally identified as defendants in this action, the Clerk of Court will be directed to add them as defendants to the case caption of the docket as well.

### c. Analysis

Plaintiff has raised cognizable Eighth Amendment excessive force claims against Deputy William Mason, Deputy Von Germen and Decker.  Plaintiff's dislocated arm and badly injured wrist incurred on his way to a court appearance, without more, does not appear to have been the result of force used against him in a good-faith effort to maintain or restore discipline.  See generally Hudson, 503 at 6-7.  For this reason, plaintiff will be permitted to proceed with this claim against these individuals.

### 2. Deliberate Indifference

#### a. Facts

Plaintiff also states that after being assaulted by security staff, he sought medical attention for his injuries, but he was completely ignored.  (See ECF No. 1 at 3).  Specifically, he states that he filed at least four medical slips with nurses and staff and "two more on the tablet"[6] before the injury to his arm was acknowledged.  (See id. at 3).  As a result, plaintiff contends, between February 21st and March 13th,[7] his need of a sling for his arm was "totally ignored, leading to great pain" and further damage to his arm.  (See id. at 3).

Eventually, plaintiff's need for an arm sling was acknowledged, and he was issued one.  (See ECF No. 1 at 3).  However, he contends that prior to this, he was in great pain and discomfort for twenty-one days.  (See id. at 3).  He asserts that because he did not receive proper medical care, he still has issues with his arm.  (See id. at 3).

#### b. Relevant Law

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment.  This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally

---

[6] The court is unclear what "on the tablet" means.  Should plaintiff choose to amend his complaint, he must explain what he means and, if applicable, identify any individuals who reviewed the tablet and ignored plaintiff's input on it.

[7] Plaintiff fails to provide the year in which this deprivation allegedly occurred.  Should he choose to amend the complaint and raise this claim again, the year must be provided.

7

interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104–05 (1976) (internal citations, punctuation and quotation marks omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment'." Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

### c. Analysis

This claim, as currently presented, is not cognizable. Plaintiff does clearly state that his dislocated arm and wrist required medical attention and that his repeated requests to receive it were ignored for three weeks. (See ECF No. 1 at 3-4). However, plaintiff fails to identify with specificity who he notified of his injuries and who ignored his pleas for medical assistance. (See generally id. at 3-4). Again, in a Section 1983 action, a plaintiff must allege facts showing how defendants individually caused or personally participated in causing the harm alleged. See generally Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (stating causation needed in Section 1983 claim). Plaintiff's broad references to "medical staff," "nurses/staff," and "the P.A. and other medical staff" (see ECF No. 1 at 3), is not sufficient to state a claim. See, e.g., Moore v. Brown, No. 1:10-cv-0806 LJO DLB, 2012 WL 1413676, at *3 (E.D. Cal. Apr. 20, 2012) (noting plaintiff's reference to "defendants" as a group and inferring this fails to state claim).

For these reasons, plaintiff's deliberate indifference claim is not cognizable. Plaintiff will, however, be given an opportunity to amend this claim. Should he choose to do so, he must provide the names of the individuals who denied him treatment and clearly state how each person did so.

### 3. Retaliation

#### a. Facts

Plaintiff's retaliation claim is interwoven with his excessive force claim. (See ECF No. 1 at 4). In this claim, he asserts that after excessive force was used against him and he was refused medical treatment, he filed a grievance to complain about the behavior of the deputies. (See id. at 4). In response, plaintiff contends, retaliation occurred in the form of the filing of false reports

against him which led to his privileges being taken away.  (See id. at 4).  Plaintiff also asserts that he was threatened with further assault if he continued filing grievances.  (See generally id. at 4) (plaintiff stating he was told that "if [he] didn't want to be assaulted again . . . [he should] not . . . talk back and [he should] follow orders.").

### b. Relevant Law

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

### c. Analysis

Plaintiff's allegations that he was retaliated against because he filed a grievance related to injuries allegedly caused by prison officials and prison officials' subsequent failure to timely treat those injuries (see ECF No. 1 at 4) partially states a cognizable First Amendment retaliation claim because an inmate has a right to file a grievance.  See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  However, this claim is not actionable because, yet again, plaintiff has not clearly identified which state actors retaliated against him by filing false reports and threatening him with future assaults.  (See id. at 4).

Plaintiff will be given the opportunity to amend this claim.  Should he choose to do so, he must provide the names of the prison officials who he claims retaliated against him because he filed a grievance about his assault and the delay in treatment of his resulting injuries.

## VI. CONCLUSION

Plaintiff has raised cognizable excessive force claims against Deputy William Mason, Deputy Von Germen, and Decker of the Shasta County Jail.  He has not, however, raised viable claims related to his deliberate indifference and retaliation claims.  Consequently, plaintiff will be given an opportunity amend the complaint.

////

Plaintiff is not obligated to amend the complaint.  He may instead simply proceed on the excessive force claims against Deputy William Mason, Deputy Von Germen, and Decker and voluntarily dismiss the deliberate indifference and retaliation claims.  Whichever choice plaintiff makes, he must inform the court of it via the Notice on How to Proceed form that is attached to the end of this order.

## VII.    OPTION TO AMEND THE COMPLAINT

If plaintiff chooses to file an amended complaint, it will take the place of the original complaint.  See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original).  Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009).  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of Court shall add the following individuals as defendants to the case caption of the docket:  Deputy William Mason, Deputy Von Germen, and Decker.

////

10

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 8) is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith, and

4. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend.

IT IS FURTHER ORDERED that within sixty days of the date of this order, plaintiff shall either:

1. File an amended complaint, or

2. Inform the court in writing that:

a. He wishes to proceed only on the cognizable claims identified herein, and

b. He voluntarily dismisses any and all other defendants and claims in this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Failure to take one of these courses of action within the time allotted may result in the dismissal of this action for failure to prosecute and/or failure to obey a court order. See Fed. R. Civ. P. 41(b); see also L.R. 110.

Dated: August 31, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/rood1630.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHASTA COUNTY JAIL MEDICAL STAFF, et al.,<br><br>　　　　Defendants. | No.  2:19-cv-1630 MCE DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　<u>CHECK ONE</u>:

_____ Plaintiff would like to proceed immediately on his excessive force claims against defendant Deputy William Mason, Deputy Von Germen, and Decker of the Shasta County Jail. By choosing to go forward without amending the complaint, plaintiff:  (1) consents to the dismissal without prejudice of defendants Shasta County Jail medical staff and Shasta County Jail security staff, and (2) chooses to forego any related and/or potentially viable claims against these groups generally and any other potential, yet to be named specific defendants within these groups pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

_____ Plaintiff would like to amend the complaint.

DATED: _____

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　COLTON JAMES ROOD
　　　　　　　　　　　　　　　　　　　　　Plaintiff Pro Se