|   |   |
|---|---|
| COLTON JAMES ROOD, | No. 2:19-cv-1630 MCE DB P |
| Plaintiff, | |
| v. | ORDER |
| SHASTA COUNTY JAIL MEDICAL STAFF, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his Eighth Amendment rights through use of excessive force and deliberate indifference to the plaintiff's serious medical need. Plaintiff also claims defendants retaliated against him in violation of his First Amendment rights. Before the court is plaintiff's first amended complaint ("FAC") for screening. (ECF No. 15.) For the reasons stated below, plaintiff will be given the option to proceed on his cognizable claims or be given leave to file an amended complaint.

////

////

////

////

////

**SCREENING**

I.   **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

> . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant

with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

### III. Allegations in the Complaint

Plaintiff states that, at all relevant times, he was an inmate at Shasta County Jail ("SCJ"). (ECF No. 15 at 1.) Plaintiff formally names Shasta County, Shasta County Sheriff's department, California Forensic Medical Corporation, Shasta County Jail Captain Dave Kent, and "Does 1-20" as defendants. (Id.) Plaintiff also seeks to state claims against Shasta County deputies William Mason, Von German, and Decker. (Id. at 5.)

In his FAC, plaintiff alleges the following: on February 21, 2019 plaintiff was assaulted by defendants Mason, Von German, and Decker while he was being transported to court. (Id.) Plaintiff did nothing to provoke the assault. (Id.) Plaintiff suffered a dislocated shoulder and an injury to his wrist due to the assault. (Id.) When plaintiff requested medical attention following the assault, the defendants "refused with cuss words and threats of further violence." (Id.) Plaintiff filed a grievance against defendants Mason, Von German, and Decker but he was threatened with "further harm and punishment" by unnamed deputies. (Id.) The official response to plaintiff's grievance was "that if I [plaintiff] did not want to be assaulted again, not to talk back and to follow orders." (Id.) Defendants Mason, Von German, and Decker also worked with medical staff to deny the plaintiff medical treatment. (Id.) Staff retaliated against plaintiff filing a grievance by filing another disciplinary report against plaintiff. (Id.)

Plaintiff also claims to have sought medical attention following the February 21, 2019 incident but was "completely ignored." (Id. at 4.) Plaintiff alleges he "filed 4 or more medical slips with the nurses and staff and two (2) more on the tablet" before he finally received treatment on March 13, 2019. (Id.) Plaintiff states that the delay in medical treatment caused him "great pain" and worsened his condition. (Id.)

### IV. Does Plaintiff State a Claim under § 1983?

#### A. Possible Failure Exhaust Administrative Remedies

As noted in the first screening order from the court, the FAC appears to indicate that plaintiff has not properly exhausted his administrative remedies at SCJ prior to filing the instant

action. (See ECF No. 15 at 5) (stating plaintiff's appeals "were never properly acknowledged" and that appeal and grievance remedies were denied to him). As a demonstration of the exhaustion of administrative remedies is not a pleading requirement (see Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003)), and inmates are not required to specifically plead or demonstrate exhaustion in their complaints (see Jones v. Bock, 549 U.S. 199, 216 (2007)), the court will conduct a substantive screening of this action at this time. However, the plaintiff is again warned that should defendants be ordered to respond to this action, any failure to exhaust that can be substantiated may be proffered by defendants as an affirmative defense in support of the dismissal of this action. See generally Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (stating failure to exhaust is affirmative defense defendants must plead and prove).

### B. Substantive Claims

#### 1. Excessive Force

Plaintiff alleges that, while he was being transported to court, defendants Mason, Von German, and Decker used excessive force against him in violation of his Eighth Amendment rights.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).

Under the facts plaintiff alleges, the use of force by defendants Mason, Von German, and Decker does not appear to have been used in a good-faith effort to maintain or restore discipline. See generally Hudson, 503 at 6-7. As such, plaintiff has alleged sufficient facts to raise a cognizable claim against defendant deputies William Mason, Von German, and Decker for excessive force in violation of the Eighth Amendment.

////

### 2. Deliberate Indifference

#### i. Claim Against Defendants Mason and Von German

Plaintiff alleges that defendants Mason and Von German were deliberately indifferent to plaintiff's serious medical need in violation of his Eighth Amendment rights.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104–05 (1976) (internal citations, punctuation, and quotation marks omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment'." Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

Plaintiff states that following his alleged assault he requested that defendants Mason and Von German get him medical attention for his dislocated shoulder and injured wrist. (ECF No. 15 at 5.) Defendants Mason and Von German "refused with cuss words and threats of further violence." (Id.) Under these allegations, the defendants refused to get medical assistance for the plaintiff after he had made them aware that he needed medical attention. These allegations are sufficient to show that Defendants Mason and Von German denied and/or delayed plaintiff's medical treatment for plaintiff's serious medical need.

As such, plaintiff successfully states a claim for deliberate indifference to medical need against defendants Mason and Von German.

#### ii. Claim Against Unnamed Medical Staff

Plaintiff also alleges that unnamed SCJ medical staff were also deliberately indifferent to his medical needs in violation of his Eighth Amendment rights.

Though plaintiff states that he "spoke to medical staff" and that he filed "medical slips with the nurses and staff," he does not identify any actions taken by individual medical staff. (Id.) A plaintiff must allege facts showing how defendants individually caused or personally

6

participated in causing the harm alleged.  See generally Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (stating causation needed in Section 1983 claim).  Plaintiff's claims against the "medical staff" and "the nurses and staff" (ECF No. 15 at 5) are not sufficient to state a claim.  See, e.g., Moore v. Brown, No. 1:10-cv-0806 LJO DLB, 2012 WL 1413676, at *3 (E.D. Cal. Apr. 20, 2012) (noting plaintiff's reference to "defendants" as a group and inferring this fails to state claim).  It appears plaintiff may have attempted to avoid this issue in the FAC by stating that he is bringing claims against "Doe defendants 1-20". (ECF No. 15 at 2.)  However, plaintiff does not attribute actions to any specific Doe defendants. (See ECF No. 15.)  Though Doe defendants can be used in a complaint, the plaintiff must allege what specific acts each Doe defendant took that violated his constitutional rights.  Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

As such, plaintiff has failed to state a cognizable claim for deliberate indifference against the SCJ medical staff.  Plaintiff will be provided an opportunity to amend his complaint to identify specific defendants and the actions they took to violate his constitutional rights.

### 3. Retaliation

Plaintiff claims that defendants Mason, Von German, and Decker[1] retaliated against him for filing a grievance in violation of the First Amendment.

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff alleges that defendants Mason, Von German, and Decker retaliated against the plaintiff for filing a grievance against them. (ECF No. 15 at 5.)  Specifically, the defendants

---

[1] Plaintiff states in the FAC that "staff" retaliated against him. (ECF No. 15 at 5.)  Plaintiff states that the staff who retaliated did so "in retaliation for filing a grievance against them." (Id.)  As plaintiff previously stated he filed a grievance against defendants Mason, Von German, and Decker, plaintiff appears to be stating that they are the individuals who retaliated against him. (Id.)  In an amended complaint, plaintiff must specify what actions each defendant took that violated his constitutional rights.

7

retaliated by filing a false report against the plaintiff. (Id.) Inmates have a right to file a grievance against correctional officers. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). The filing of a false report against the plaintiff in retaliation for filing a grievance would satisfy the elements required to state a claim for retaliation under the First Amendment.

However, as stated above, allegations against general groups of defendants are not sufficient to state a claim. See, e.g., Moore v. Brown, No. 1:10-cv-0806 LJO DLB, 2012 WL 1413676, at *3 (E.D. Cal. Apr. 20, 2012) (noting plaintiff's reference to "defendants" as a group and inferring this fails to state claim). Plaintiff only claims that the "staff" retaliated against him by filing a false report. Plaintiff does not attribute any actions to specific defendants, only stating that the group of defendants retaliated against him.

As such, the plaintiff fails to state a cognizable claim against defendants Mason, Von German, and Decker for retaliation in violation of his First Amendment rights. Plaintiff will be provided an opportunity to amend his complaint. Should plaintiff file an amended complaint, he should clearly identify how each defendant violated, or participated in violating, his constitutional rights.

## AMENDING THE COMPLAINT

This court finds above that plaintiff's FAC states cognizable claims against defendant deputies William Mason, Von German, and Decker for using excessive force in violation of plaintiff's Eighth Amendment. The court also finds that plaintiff states a cognizable Eighth Amendment claim for deliberate indifference against defendants Mason and Von German. However, the plaintiff's FAC fails to state any other cognizable claim.

Plaintiff will be given the option to proceed on his cognizable claims or to file an amended complaint to state claims against SCJ medical staff, SCJ deputies, or any other defendant. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. In an amended complaint plaintiff must clearly identify each

8

defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

////

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## USAGE OF "DOE" DEFENDANTS

The use of John Does in pleading practice is generally disfavored – but it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008). Eventually, plaintiff may be afforded an opportunity for limited, preliminary discovery to identify the names of the John Does "unless it is clear that discovery would not uncover their identities," Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other possibility of finding their names. Since by this order plaintiff will be granted the option to file an amended complaint, he must use the time given to amend to do everything he can to supply the names of the Doe defendant without further assistance from the court. He may seek extensions of time for the filing of an amended complaint for that purpose if necessary.

Further, "John Doe" defendant liability must also be properly alleged. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a specific person. If plaintiff chooses to file an amended complaint, he shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his rights. If plaintiff can only list these defendants as John Doe, plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and John Doe 2 did Y." Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

////
////
////
////

**CONCLUSION**

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff states a cognizable Eighth Amendment excessive force claim against Shasta County deputies William Mason, Von German, and Decker.
2. Plaintiff states a cognizable Eighth Amendment deliberate indifference claim against Shasta County deputies William Mason and Von German.
3. All other claims in the plaintiff's first amended complaint are dismissed with leave to amend.
4. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
5. Within sixty (60) days of the date of this order plaintiff shall notify the court of how he wishes to proceed. Plaintiff may use the form included with this order for this purpose.
6. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: May 27, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Civil.Rights/S/rood1630.scrn2

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHASTA COUNTY JAIL MEDICAL STAFF, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-1630 MCE DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claim against Shasta County deputies William Mason, Von German, and Decker as well as his Eighth Amendment deliberate indifference claim against Shasta County deputies William Mason and Von German. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____      _____
　　　　　　　　　　　　　　　　　　　　　　　　Colton James Rood
　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se