UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD, | No. 2:19-cv-1630 MCE DB P |
| Plaintiff, | |
| v. | ORDER |
| SHASTA COUNTY MEDICAL STAFF, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is plaintiff's request for an extension of time to file a second amended complaint pursuant to the court's August 3, 2021 order. (ECF No. 24.) Plaintiff requested and was granted one prior thirty-day extension of time to file a second amended complaint on September 13, 2021. (ECF No. 22.) On January 25, 2022, the court ordered plaintiff to show cause why this action should not be dismissed due to plaintiff's failure to file an amended complaint. (ECF No. 23.)

Plaintiff's request for an extension of time is included in his response to the court's order to show cause. (ECF No. 24.) In his response, plaintiff requests that the court "allow this case to proceed to discovery phase or allow time to gather necessary information to proceed with an amended complaint." (ECF No. 24 at 2.) Plaintiff contends that he does not "believe the court

was fair" to order that plaintiff must "name specifically all doe defendants and give specific time frame the offensive action occurred." (Id. at 1.) Plaintiff states that he cannot identify the defendants without proceeding to the discovery phase. (Id.) As such, plaintiff requests that the court either find the claims against "Doe" defendants in the first amended complaint to be cognizable or that plaintiff be granted an extension of time for "several months" so that he can identify the defendants. (Id. at 2.)

In its screening order of plaintiff's first amended complaint, the court found plaintiff had failed to state a cognizable claim as he had not alleged the specific acts taken by each Doe defendant. (ECF No. 16 at 7.) As stated in the order, Doe defendants can be used in a complaint but § 1983 requires that plaintiff allege the specific acts each individual Doe defendant took that violated his constitutional rights. Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009). The court found that plaintiff had only generally alleged that "Doe defendants 1-20" had violated his rights and had not attributed specific actions to specific Doe defendants. (ECF No. 16 at 7.) If plaintiff elected to file an amended complaint, as he did, the court directed him to "do everything he can to supply the names of the Doe defendant" (Id. at 10) and to "identify specific defendants and the actions they took to violate his constitutional rights" (Id. at 7).

Plaintiff appears to have misunderstood these directions as stating that the second amended complaint should only include the actual names of each defendant. (See ECF No. 24 at 1.) This is incorrect. Doe defendants are disfavored and plaintiff should make every effort to supply the names of each defendant but they are permitted. If this proves impossible, plaintiff may be afforded limited discovery to determine defendant's identities in the future. However, even if plaintiff uses Doe defendants, he is still required to identify the specific actions taken by each individual Doe defendant in order to state a claim. Alexander, 2009 WL 464486, *5; see Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). This was the reason plaintiff's claims were not found to be cognizable previously. (See ECF No. 16 at 7.)

Given plaintiff's apparent misunderstanding of the court's prior order and his claimed difficulty in determining the identity of Doe defendants, there appears to be good cause to extend

2

the deadline for plaintiff to file an amended complaint.  However, plaintiff has not explained why "several months" of additional time (ECF No. 24 at 2), beyond the seven months he has already had, is necessary to file an amended complaint.  Therefore, the court will grant the motion in part.  Any future motion should explain how the circumstances complained of have impacted plaintiff's ability to comply with the current deadline.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time (ECF No. 24) is granted in part and denied in part; and

2. Plaintiff is granted an additional thirty days from the date of this order in which to file a second amended complaint.

DATED: March 4, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/rood1630.36amc(2)

3