1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   COLTON JAMES ROOD,                    No.  2:19-cv-01630 MCE DB P

12                  Plaintiff,

13        v.                               ORDER

14   SHASTA COUNTY JAIL MEDICAL
     STAFF, et al.,
15
                    Defendants.
16

17        Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims defendants violated his Eighth Amendment rights through the use

19   of excessive force and deliberate indifference to the plaintiff's serious medical need.  Plaintiff

20   also claims defendants retaliated against him in violation of his First Amendment rights.  Before

21   the court is plaintiff's Second Amended Complaint ("SAC") for screening.  (ECF No. 31.)  For

22   the reasons stated below, plaintiff will be given the option to proceed on his cognizable claims or

23   be given leave to file an amended complaint.

24                            **SCREENING**

25   **I.      Legal Standards**

26        The court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

28   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

1  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

2  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

3  U.S.C. § 1915A(b)(1) & (2).

4        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

6  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

7  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

8  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

9  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

10  the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

11  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

12  the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

13  544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

14        However, in order to survive dismissal for failure to state a claim a complaint must

15  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

16  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

17  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

18  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

20  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21        The Civil Rights Act under which this action was filed provides as follows:

22          Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation

23          of any rights, privileges, or immunities secured by the Constitution .
        . . shall be liable to the party injured in an action at law, suit in equity,

24          or other proper proceeding for redress.

25  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

27  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

28  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

2

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## III.     Allegations in the SAC

Plaintiff indicates that, at all relevant times, he was an inmate in the custody of the Shasta County Sheriff's Department ("SCSD").  (ECF No. 30 at 4.)  Plaintiff formally names Shasta County, SCSD, California Forensic Medical Corporation, Shasta County Jail Captain Dave Kent,

1  Physicians' Assistant Daniel Deluo, and "Does 1-20" as defendants.  (Id. at 1-2)  Based on the

2  factual allegations in the SAC, plaintiff also seeks to bring claims against Shasta County deputies

3  William Mason, Von German, and Decker.  (Id. at 6.)

4       In the SAC, plaintiff alleges the following: on an unstated date plaintiff was assaulted

5  multiple times by defendant Mason while he was being transported to court.  (Id.)  Defendant

6  Mason also "influenced Deputy Robert Van Gerwen and Deputy Decker to assault [plaintiff] as

7  well."  (Id.)  They used handcuffs and wrist locks "with specific intent to cause harm" even

8  though plaintiff did not display "provocations/violence" toward the defendants.  (Id.)  Plaintiff's

9  arm was dislocated as a result.  (Id. at 5.)  Plaintiff "asked defendants Van Gerwen and Mason to

10  see medical" but was refused and threatened with "further harm."  (Id. at 6.)  Plaintiff submitted

11  an inmate grievance based on this behavior but was threatened by unnamed SCSD deputies.  (Id.)

12  The official response to plaintiff's grievance instructed him "that if [he] didn't want to be

13  assaulted again, not to talk back and follow orders."  (Id.)  Defendants Mason, Von German, and

14  Decker "worked with medical staff to deny medical treatment" to plaintiff.  (Id.)  Defendants also

15  allegedly retaliated against plaintiff by "authoring a disciplinary report and finding [plaintiff]

16  guilty against the evidence…."  (Id.)

17       In connection with the above events, plaintiff claims that he attempted to get medical

18  treatment for his dislocated arm "but was completely ignored" for twenty-one days.  (Id. at 5.)

19  Plaintiff alleges that "Doe Defendants 1-20" refused to evaluate or treat plaintiff and accused him

20  of faking an injury  (Id.)  He also claims that defendant Daniel Deluo "refused to give [plaintiff] a

21  medically mandatory cutting chrono" because correctional officer Jurkiewicz told defendant

22  Deluo that "he didn't agree."  (Id.)

23       Based on the above allegations, plaintiff claims that his rights under the Eighth

24  Amendment were violated by defendants through the use of excessive force and deliberate

25  indifference to plaintiff's serious medical needs.  (Id. at 5-6.)  Plaintiff seeks monetary damages

26  as well as "expungement of the false report" against plaintiff.  (Id. at 7.)

27  ////

28  ////

4

1    **IV.    Does Plaintiff State a Claim under § 1983?**

2        **A.  Possible Failure Exhaust Administrative Remedies**

3        As was noted in the first and second screening orders from the court, the SAC appears to

4    indicate that plaintiff may not have properly exhausted his administrative remedies at SCJ prior to

5    filing the instant action.  (See ECF No. 31 at 6) (stating plaintiff's appeals "were never properly

6    acknowledged").  As a demonstration of the exhaustion of administrative remedies is not a

7    pleading requirement (see Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003)), and inmates

8    are not required to specifically plead or demonstrate exhaustion in their complaints (see Jones v.

9    Bock, 549 U.S. 199, 216 (2007)), the court will conduct a substantive screening of this action at

10   this time.  However, the plaintiff is again warned that should defendants be ordered to respond to

11   this action, any failure to exhaust that can be substantiated may be proffered by defendants as an

12   affirmative defense in support of the dismissal of this action.  See generally Albino v. Baca, 747

13   F.3d 1162, 1166 (9th Cir. 2014) (stating failure to exhaust is affirmative defense defendants must

14   plead and prove).

15       **B.  Linkage Requirement**

16       Plaintiff names a number of defendants in the SAC.  (ECF No. 31 at 1-2.)  However,

17   despite their inclusion, the SAC does not contain factual allegations as to the actions taken by

18   these defendants in connection with the events at issue in the complaint.  Specifically, plaintiff

19   names the County of Shasta, Captain Dave Kent, California Forensic Medical Group, and SCSD

20   but does not include any information about the alleged acts and omissions of those defendants.

21   (See Id.)  The SAC only contains broad statements about these defendants and their

22   responsibilities.  (Id. at 3-4.)  These factual allegations fail to satisfy the linkage requirement as

23   they do not provide a connection between the acts and omissions of those defendants and the

24   deprivation of plaintiff's rights.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  As such,

25   plaintiff fails to state a cognizable claim against defendants County of Shasta, Dave Kent,

26   California Forensic Medical Group, and SCSD.[1]

27   _____

28   [1] The SAC mentions the role of these defendants as it relates to policies, procedures, supervision, and training.  (ECF No. 31 at 3-4.)  Plaintiff may intend a claim against them under a Monell

5

### C. Substantive Claims

#### 1. Excessive Force

Plaintiff alleges that, while he was being transported to court, defendants Mason, Von German, and Decker used excessive force against him in violation of his Eighth Amendment rights.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).

Under the facts plaintiff alleged, the use of force by defendants Mason, Von German, and Decker was not used in a good-faith effort to maintain or restore discipline. See generally Hudson, 503 at 6-7. As such, plaintiff has alleged sufficient facts to raise a cognizable claim against defendant deputies William Mason, Von German, and Decker for excessive force in violation of the Eighth Amendment. Plaintiff will be given the option to proceed on his cognizable claims or to be given leave to file an amended complaint.

#### 2. Deliberate Indifference

##### i. Legal Standard

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true

---

theory of liability. See Monell, 436 U.S. 658. To the extent plaintiff sought to bring such a claim in the SAC, the factual allegations fail to "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom."). As such, they are also insufficient to state a cognizable claim.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104–05 (1976) (internal citations, punctuation, and quotation marks omitted).  "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment'." Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

### ii.  Claim Against Defendants Mason and Von German

Plaintiff alleges that defendants Mason and Von German were deliberately indifferent to plaintiff's serious medical need in violation of his Eighth Amendment rights.  Plaintiff states that following his alleged assault he requested that defendants Mason and Von German get him medical attention for his dislocated shoulder.  (ECF No. 31 at 6.)  Defendants Mason and Von German refused and "talked to Doe Defendants to convince them not to treat [plaintiff's] wounds."  (Id.)  Under these allegations, the defendants refused to get medical assistance for the plaintiff after he had made them aware that he needed medical attention.  They also purportedly interfered with plaintiff's attempts to receive medical care.  These allegations are sufficient to establish a claim that defendants Mason and Von German denied and/or delayed plaintiff's medical treatment for plaintiff's serious medical need.

As such, the SAC successfully states a claim for deliberate indifference to medical need claim against defendants Mason and Von German.

### iii.  Claim Against Doe Defendants

Plaintiff claims that a number of Doe defendants who were a part of the medical staff were deliberately indifferent to plaintiff's medical needs.  However, plaintiff fails to allege the specific acts of each Doe defendant.  Instead, plaintiff relies on conclusory allegations made against the group of defendants.  As the court informed plaintiff in its prior screening order, while the usage of Doe defendants is permitted, plaintiff must clearly attribute the specific acts or omissions of each individual Doe defendant that violated his constitutional rights.  See Alexander

7

1   v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009); see also

2   Moore v. Brown, No. 1:10-cv-0806 LJO DLB, 2012 WL 1413676, at *3 (E.D. Cal. Apr. 20,

3   2012) (noting plaintiff's reference to "defendants" as a group and inferring this fails to state

4   claim).  As such, plaintiff fails to allege sufficient facts to state a claim against these Doe

5   defendants.

6                        **iv.  Claim Against Defendant Daniel Deluo**

7           Plaintiff claims that defendant Deluo was deliberately indifferent to plaintiff's medical

8   needs when he "refused to give me a medically mandatory cuffing chrono after he stated that I

9   needed one[.]"  (Id. at 5.)  Plaintiff may be able to state a claim related to defendant Deluo if

10  defendant denied plaintiff necessary medical treatment.  However, it is not clear from the SAC

11  whether defendant Deluo denied plaintiff medical care as plaintiff only states that he was denied a

12  "cuffing chrono" without additional information about what this means.  Absent an explanation or

13  details about what exactly plaintiff was denied, the court is unable to determine whether

14  defendant Deluo denied plaintiff medical treatment and thus acted with deliberate indifference.

15          Accordingly, the SAC does not contain necessary factual allegations to state a cognizable

16  claim against defendant Deluo for deliberate indifference to a serious medical need.

17                            **AMENDING THE COMPLAINT**

18          This court finds above that plaintiff's SAC states cognizable claims against defendant

19  deputies William Mason, Von German, and Decker for using excessive force in violation of

20  plaintiff's Eighth Amendment rights.  The court also finds that plaintiff states a cognizable Eighth

21  Amendment claim for deliberate indifference against defendants Mason and Von German.

22  However, the plaintiff's SAC fails to state any other cognizable claim.

23          Plaintiff will be given the option to proceed on his cognizable claims or to file an

24  amended complaint to state claims against SCJ medical staff, SCJ deputies, or any other

25  defendant.  Any amended complaint must be complete in itself.  The court cannot refer to a prior

26  complaint to understand the plaintiff's claims.

27          If plaintiff chooses to file an amended complaint, he must address the problems with his

28  complaint that are explained above.  In an amended complaint plaintiff must clearly identify each

1    defendant and the action that defendant took that violated his constitutional rights.  The court is

2    not required to review exhibits to determine what plaintiff's charging allegations are as to each

3    named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the

4    complaint.  The charging allegations must be set forth in the amended complaint, so defendants

5    have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

6    detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of

7    each claim.  See Fed. R. Civ. P. 8(a).

8           Any amended complaint must show the federal court has jurisdiction, the action is brought

9    in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

10   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

11   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

12   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the

13   deprivation of a constitutional right if he does an act, participates in another's act, or omits to

14   perform an act he is legally required to do that causes the alleged deprivation).  "Vague and

15   conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

16   Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

17          In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

18   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

19   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

20   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

21          The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

22   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

23   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

24   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

25   set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

26   ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

27   litigation on the merits of a claim."); Fed. R. Civ. P. 8.

28   ////

9

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## USAGE OF "DOE" DEFENDANTS

The use of John Does in pleading practice is generally disfavored – but it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008). Eventually, plaintiff may be afforded an opportunity for limited, preliminary discovery to identify the names of the John Does "unless it is clear that discovery would not uncover their identities," Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other possibility of finding their names.  Since by this order plaintiff will be granted the option to file an amended complaint, should he elect to do so, he must use the time given to amend to do everything he can to supply the names of the Doe defendant without further assistance from the court.  He may seek extensions of time for the filing of an amended complaint for that purpose if necessary.

Further, "John Doe" defendant liability must also be properly alleged.  A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a specific person.  If plaintiff chooses to file an amended complaint, he shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his rights.  If plaintiff can only list these defendants as John Doe, plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and John Doe 2 did Y."  Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

////

////

////

10

**CONCLUSION**

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff states a cognizable Eighth Amendment excessive force claim against Shasta County deputies William Mason, Von German, and Decker.

2. Plaintiff states a cognizable Eighth Amendment deliberate indifference claim against Shasta County deputies William Mason and Von German.

3. All other claims in the plaintiff's Second Amended Complaint (ECF No. 31) are dismissed with leave to amend.

4. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.

5. Within sixty (60) days of the date of this order plaintiff shall notify the court of how he wishes to proceed.  Plaintiff may use the form included with this order for this purpose.

6. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  January 31, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil.Rights/S/rood1630.scrn(3)

11

1
2
3
4
5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| COLTON JAMES ROOD, | No.  2:19-cv-01630 MCE DB P |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| SHASTA COUNTY JAIL MEDICAL STAFF, et al., | |
| Defendants. | |

Check one:

_____    Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claim against Shasta County deputies William Mason, Von German, and Decker as well as his Eighth Amendment deliberate indifference claim against Shasta County deputies William Mason and Von German.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

_____    Plaintiff wants to amend the complaint.

DATED:_____                    _____

                                                                            Colton James Rood
                                                                            Plaintiff pro se

12